IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HENRY RAY CAMPBELL,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ADVANCED CORE CONCEPTS, LLC,** )<br>)<br>)<br>**Defendant.** )<br>) | <br><br><br><br><br>**CIVIL ACTION NO. 5:18-CV-434 (MTT)** |

**ORDER**

Defendant Advanced Core Concepts, LLC ("ACC") has moved for sanctions against pro se plaintiff Henry Ray Campbell pursuant to Rule 11 of the Federal Rules of Civil Procedure. Doc. 43. For the following reasons, that motion is **DENIED**.

**I. BACKGROUND**

Campbell filed this lawsuit ("*Campbell I*") on November 16, 2018, alleging that ACC terminated his employment in retaliation after he complained about age discrimination.[1] Doc. 1. On September 10, 2020, the Court found that Campbell could not establish a prima facie case of retaliation, and even if he could, ACC had proffered a legitimate, nondiscriminatory reason for terminating Campbell that he could not show was pretextual. Doc. 28 at 14-26. Accordingly, summary judgment was granted to ACC, and judgment was entered against Campbell the next day. *Id.*; Doc. 29.

---

[1] Campbell had already filed other unsuccessful lawsuits against many of the same characters involved in *Campbell I*. Campbell previously filed a defamation suit against Jerome Jones, a defamation case against the United States, various defamation suits against ACC, and a whistleblower complaint against Jones. Docs. 21 at 31:15-32:24; 24-3 at 61-64, *Campbell v. Jones*, No. 5:18-cv-457-CHW (M.D. Ga.), Doc. 21.

The following Monday, Campbell filed a new lawsuit. *Campbell v. Advanced Core Concepts, LLC* ("*Campbell II*"), 5:20-cv-360-MTT (M.D. Ga.), Doc. 1. Although *Campbell II* was brought under a different statute than *Campbell I*, the two cases arose from the same facts. Thus, on April 9, 2021, the Court dismissed *Campbell II* on res judicata grounds. *Campbell II*, Doc. 13 at 6 ("[I]n *Campbell I*, Campbell sued ACC because of alleged adverse employment actions under one theory and was unsuccessful. He cannot bring a new suit under a new theory that seeks relief for the same adverse employment actions; the apple can only be bitten once."). Campbell unsuccessfully appealed. *Campbell II*, Docs. 17; 21; 24. In its opinion affirming *Campbell II*'s dismissal, the Eleventh Circuit denied ACC's request for sanctions because Campbell had not been explicitly warned that his claims were frivolous. *Campbell v. Advanced Core Concepts, LLC*, 2022 WL 31480, *2 (11th Cir. Jan. 4, 2022); Doc. 21 at 5.

While *Campbell II* was pending in this Court, Campbell appealed the judgment in *Campbell I*. Doc. 31. However, Campbell dismissed that appeal on December 16, 2020 because "after weeks of research and several draft briefs [he] decided that … he cannot be reasonably effective in pursuing [the] appeal on his claim of retaliation under the ADEA statute." *Campbell v. Advanced Core Concepts, LLC*, *appeal dismissed*, No. 20-13863 (11th Cir. Dec. 22, 2020). But after *Campbell II* was dismissed by this Court four months later on res judicata grounds, Campbell tried to revive *Campbell I* by moving for relief from judgment based on fraud on the Court pursuant to Rule 60(b). Doc. 37. That motion was denied on August 31, 2021, which was affirmed on appeal. *Campbell v. Advanced Core Concepts, LLC*, 2022 WL 841581, at *3 (11th Cir. Mar. 22,

2022); Doc. 49 at 9.  However, the Eleventh Circuit again denied ACC's motion for sanctions under Rule 38 of the Federal Rules of Appellate Procedure and stated that although Campbell's appeal "border[ed] on the frivolous, none of the special circumstances for awarding sanctions against a *pro se* party exist in this case." *Id.*

In sum, after multiple lawsuits and appeals, Campbell's claims against ACC, properly brought or otherwise, appear to be finally exhausted.  All that remains in this case is ACC's motion for sanctions pursuant to Rule 11.  ACC moved for sanctions after the Court denied Campbell's Rule 60(b) motion and after ACC provided Campbell an opportunity to withdraw his motion as required by Rule 11(c)(2).  Doc. 43-1 at 4.  ACC seeks "attorney's fees, costs, and any other relief that the Court deems appropriate as sanctions under Rule 11(c)(4) for having to defend [Campbell's] continued baseless and frivolous claims and filings."  Doc. 43 at 3.

## II. STANDARD

When an attorney or pro se party files a motion or pleading, he or she certifies to the Court that, to the best of his or her knowledge and after reasonable inquiry,

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3).  "'Rule 11 applies to pro se plaintiffs, but the court must take into account the plaintiff's pro se status when determining whether the filing was

reasonable.'" *Meidinger v. Healthcare Indus. Oligopoly*, 391 F. App'x 777, 778 (11th Cir. 2010) (quoting *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989)).

"The objective standard for testing conduct under Rule 11 is reasonableness under the circumstances and what was reasonable to believe at the time the pleading was submitted." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal quotation marks and footnote omitted). There is a two-step inquiry: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id.* If there is a violation, the Court may impose sanctions. Fed. R. Civ. P. 11(c)(1). The purpose of Rule 11 sanctions is "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

"If, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

### III. DISCUSSION

ACC argues that Campbell's motion to alter judgment (Doc. 37) was frivolous. Doc. 43 at 4. It notes that Campbell waited to argue that ACC committed fraud on the Court until after the case was closed, after he dismissed his appeal, and after his nearly identical subsequent lawsuit was dismissed. This Court and the Eleventh Circuit agreed that Campbell waited too long to make this argument. When it denied Campbell's Rule 60(b) motion, this Court stated that his arguments concerned the "legitimacy of ACC's proffered reasons for the adverse employment actions taken against him—arguments

that could have been raised prior to the entry of judgment." Doc. 42 at 5. ACC thus argues that Campbell's Rule 60(b) motion was "brought for the improper purpose of multiplying the proceedings against [ACC] and causing [ACC] to spend more money in attorneys' fees defending itself." Doc. 43 at 5.

After the conclusion of Campbell's appeal in this case, the Court ordered him to show cause why he should not be sanctioned. Doc. 51. Campbell states that he was outmatched by ACC's attorneys. Doc. 52 at 2 ("Defendant's high-powered attorney, with her superior legal knowledge and experience with district court, knowing exactly what to say, how to say it and when to say it, completely steamrollered my ineffective pro se effort to show my protected activities, and prove retaliation and a wrongful termination."). Campbell also argues that he did not understand the concepts of fraud on the court, manifest injustice, or res judicata, and that "it was foolish for [him] to even attempt to represent himself." *Id*.

Based on his pro se status and admitted limited knowledge of the law, the Court cannot say that Campbell should have known that his motion to alter judgment (Doc. 37) was frivolous. Although Campbell should have made his arguments against ACC's declarations in his response to ACC's motion for summary judgment, he could have believed, based on his misunderstanding of the law, that those statements could be attacked under Rule 60(b). Moreover, based on Campbell's response to the Court's show cause order and his continued lack of success in litigation, it appears unlikely that he or others similarly situated would repeat this sort of conduct. *See* Fed. R. Civ. P. 11(c)(4). Accordingly, ACC's motion for sanctions (Doc. 43) is **DENIED**.

## IV. CONCLUSION

In conclusion, Campbell has been incredibly litigious against his former employer over the last few years, and some of his arguments have been completely without merit. Moreover, based on the procedural history of this case, it appears that he has always had an improper trick up his sleeve if things didn't go his way. But because of his pro se status, his admitted misunderstanding of the law, and the low likelihood of him repeating this behavior, the Court finds that sanctions against Campbell are inappropriate.

**SO ORDERED**, this 14th day of July, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT